IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER RACHELLE KELLER, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-01171-OLG |
| vs. | § § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

## ORDER DIRECTING FILING OF BRIEFS

Pursuant to 28 U.S.C. §636(b) and Rule 1(h) of Appendix C to the Local Rules, this action to review the final decision of the Commissioner of Social Security has been referred to the undersigned for review and report and recommendation. Defendant did not timely file an answer, and Plaintiff took no further action to seek Defendant's default. The Court therefore issued a Show Cause Order directing Plaintiff to show cause why this case should not be dismissed for lack of prosecution. Upon the issuance of the Order, Defendant moved for leave to file an answer out of time, which the Court granted. Plaintiff also filed a response to the Court's Show Cause Order, explaining that counsel simply failed to correctly calendar the answer deadline in this case.

Defendant has now filed an answer, together with a certified copy of the transcript of the administrative proceedings. It is therefore **ORDERED** that the parties submit briefs in accordance with the following requirements:

1. On or before **April 27, 2021**, Plaintiff shall file and serve a brief setting forth all errors which the Plaintiff contends entitles the Plaintiff to relief. The brief shall contain the following under the appropriate headings and in the order here indicated:

a. A statement of the case. This statement should indicate briefly the course of the proceeding and its disposition at the administrative level and should set forth a general statement of the facts. This statement of the facts shall include the Plaintiff's age, education and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

b. A statement of the exact issues presented for review, set forth in separate numbered paragraphs.

c. An argument. The argument may be preceded by a summary. The argument shall be divided into sections, each section separately treating each issue, numbered to correspond with the statement of issues. The argument must set forth the Plaintiff's contentions with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations and cases which support the Plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction, or if authority on point from this jurisdiction does not exist. If the Plaintiff has moved for remand to the Commissioner for further proceedings, the argument in support thereof must set forth good cause for remand. Furthermore, if the remand is for the purpose of taking additional evidence, such evidence must be attached to the brief, or, if such evidence is in the form of a consultative examination sought at government expense, the Plaintiff must make a proffer of the nature of the evidence anticipated to be obtained.

d. A short conclusion stating the relief sought. The issues before the Court may be limited to the exact issues properly raised in the briefs.

2. Defendant's brief, which should respond specifically to each issue raised by Plaintiff, shall be filed **no later than forty-five (45) days after the filing of Plaintiff's brief**. Defendant's brief shall conform to the requirements set forth above for the Plaintiff's brief, except that a statement of the issues and a statement of the case need not be made unless the Defendant is dissatisfied with the Plaintiff's statement thereof.

3. Plaintiff may serve, file, and submit a brief in reply to the brief of the Defendant, **within fourteen (14) days of filing of the Defendant's brief**.

Plaintiff's and Defendant's briefs are limited to twenty (20) pages in length. Plaintiff's reply brief is limited to ten (10) pages in length. These page limits are exclusive of the caption, signature block, any certificate, and accompanying documents. Parties may seek to extend these page limits by filing a motion for leave pursuant to Local Rule CV-7(b), after conferring with the opposing party regarding the need for additional pages.

The parties are notified that substantive motion practice—in accordance with Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings) and Federal Rule of Civil Procedure Rule 56 (summary judgment)—is not appropriate in this action.  While Plaintiff may seek remand as a remedy in Plaintiff's appeal brief, Plaintiff should not file a separate motion to remand or a motion for summary judgment.

On or before **April 27, 2021**, both parties must advise the Court, if they have not already done so, whether they elect to consent, or not consent, to proceed before the undersigned, instead of the District Court.  If needed, attached is a Consent Form for the parties use.  *See* Local Rule CV-72.

Unless the Court requests oral argument, the Court's determination will be based upon the parties' briefs and the record of proceedings before the Commissioner.

In the event Plaintiff fails to timely file a brief, the Court will enter judgment after the above time limits have expired on the basis of the Complaint, Answer, and the record of proceedings before the Commissioner.

This Briefing Schedule takes precedence over all other such orders that may have been filed previously by this Court.

If the parties fail to comply with this Order, the Court may in its discretion impose penalties or sanctions.  Counsel should be aware that sanctions can include involuntary dismissal

for failure to comply with pretrial instructions, as provided by Federal Civil Procedure Rule 41(b).

    SIGNED this 16th day of March, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| *Plaintiff,* | § § § § § § | |
| vs. | § § § § § | |
| *Defendant.* | § § § § § § § | |

**CONSENT ADVISORY TO THE CLERK OF COURT**

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

☐ <u>I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636</u>. The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

☐ I Do Not Consent to Proceed Before A United States Magistrate Judge. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

_____
Party Name (Printed)

By: _____
Signed by Pro Se Party or Attorney

_____
Date